# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

MATTHEW JAMES KING,

        Plaintiff,

v.

DWIGHT W. NEVEN, *et al.*,

        Defendants.

2:12-cv-00572-GMN -VCF

**O R D E R**

Before the court is *pro se* plaintiff Matthew James King's Motion for Discovery As To Named Defendants "Maintenance Mike" and John Doe #1. (#7). The defendants filed an Opposition (#8), and plaintiff did not file a Reply.

**Background**

Plaintiff filed his prisoner civil rights complaint under 42 U.S.C. § 1983 in the Eighth Judicial District Court of Clark County, Nevada, on January 30, 2012, alleging six counts for violations of his Eighth Amendment-right to be free of hazardous living conditions - fire, electrical, and personal safety. (#1-2). On April 9, 2012, defendants Dwight Neven, Cole Morrow, Scott Alexander, and Jennifer Nash removed the action to this court based on Federal Question Jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343. (#1). Plaintiff filed the instant motion on May 10, 2012. (#7).

**Motion For Discovery**

In plaintiff's motion, he asks the defendants to provide discovery within thirty (30) days pursuant to Federal Rule of Civil Procedure 34. (#7). Plaintiff requests the first, middle, and last names of defendants "Maintenance Mike" and "Maintenance Rodney." *Id.* Plaintiff asserts that he needs this information in order to complete the required service of the summons and complaint. *Id.*

When a prisoner files a complaint seeking "redress from a governmental entity or an officer or employee of a governmental entity," the court shall review [the complaint], before docketing, if feasible,

or in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A. Pursuant to Local Rule 16-1(b), no discovery plan is required in actions by or on behalf of inmates under 42 U.S.C. § 1983, and "a scheduling order shall be entered within thirty (30) days after the first defendant answers or otherwise appears." "Unless otherwise ordered by the court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the court." Local Rule 26-8.

Plaintiff seeks redress from defendants who are employees and/or officers of the High Desert State Prison in his prisoner civil rights complaint. (#1). The complaint must be screened pursuant to 42 U.S.C. § 1915A. Once the court has screened the complaint and issued a screening order, if the action survives dismissal, the court will issue a scheduling order under LR 16-1(b). After the court issues the scheduling order and discovery commences, plaintiff may serve defendants with written discovery pursuant to the Federal Rules of Civil Procedure. The parties shall not file written discovery requests, such as the instant motion, with the court. *See* LR 26-8. If, after written discovery requests are served and responses/answers are received, the requesting party is unsatisfied with the responses received, the requesting party must meet and confer pursuant to LR 26-7(b) *before* filing a motion with this court to compel the discovery.

Accordingly, and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Matthew James King's Motion for Discovery As To Named Defendants "Maintenance Mike" and John Doe #1 (#7) is DENIED *without prejudice*.

IT IS FURTHER ORDERED that the issuance of a scheduling order under LR 16-1(b) is deferred until the court issues a screening order pursuant to 28 U.S.C. § 1915A.

DATED this 5th day of June, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**